NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3215
_____

UNITED STATES OF AMERICA

v.

SHAINE L. WILLIAMS,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-12-cr-00194-017)
District Judge: Honorable William W. Caldwell
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 23, 2016

Before: McKEE, *Chief Judge*, HARDIMAN, and RENDELL, *Circuit Judges*.

(Filed: September 30, 2016)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Shaine Williams appeals the District Court's judgment of sentence imposed after a jury found him guilty of various drug offenses and a money laundering offense. Because Williams has offered no persuasive reason to disturb the judgment, we will affirm.

I

Williams' first two challenges relate to the sufficiency of the evidence presented at trial. Neither of these arguments mentions our seminal precedent in this area—*United States v. Caraballo-Rodriguez*, 726 F.3d 418 (3d Cir. 2013) (en banc)—in which we explained in some detail the standard of review applicable to such challenges. Under that deferential standard, it is clear that sufficient evidence supported the verdicts.

The theme of Williams' appeal is epitomized by his argument that the Government's star witness, John Rawls, "was a classic corrupt and polluted source." Williams Reply Br. 14. At various points in both of his briefs, Williams argues that Rawls and other Government witnesses were motivated to lie and were untrustworthy. These arguments are unavailing on appeal, of course, because it was the jury's duty to determine whether Rawls and other witnesses were credible despite the fact that they were self-interested cooperating witnesses.

Reviewing, as we must, the record in the light most favorable to the verdict winner (here, the Government), there is ample evidence that Williams transported money from Harrisburg to Atlanta and returned with drugs. Williams' role as a courier for the Rawls organization was established not only by the testimony of several of his co-defendants,

2

but also by travel records and phone records. And the fact that no witnesses testified that Williams personally engaged in some activities of the conspiracy is unhelpful to him because the District Court, consistent with *Pinkerton v. United States*, 328 U.S. 640 (1946), properly instructed the jury that "[t]he acts or statements of any member of a conspiracy are treated as the acts or statements of all members of the conspiracy if those acts or statements were performed or spoken during the existence of the conspiracy and further the objectives of the conspiracy." App. 1229–30.

For these reasons, we agree with the Government that the evidence was sufficient to support the jury verdicts against Williams in all respects.

II

Williams next argues that the District Court abused its discretion when it failed to grant a continuance because of the lateness of the Government's disclosures. Specifically, Williams complains of voluminous and confusing disclosures made on November 19, 2014 and December 2, 2014. Williams claims that because the timing of these disclosures precluded him from hiring an expert witness, he was entitled to a continuance. He also contends that the District Court erred in admitting testimony and charts from agents who relied on those phone records to trace Williams' movements.

As the District Court rightly noted, Williams failed to identify a rule of evidence that the Government violated by producing these phone records some three weeks prior to trial. Accordingly, the District Court surmised that Williams was arguing that the records were inadmissible under Federal Rule of Evidence 902(11). The Court held that

Williams "had a fair opportunity to challenge" these self-authenticating business records, App. 26, and we perceive no error in that regard. In his Reply Brief on appeal, Williams cites Rules 16(a)(1)(E) & (F) of the Federal Rules of Criminal Procedure, but fails to explain where he brought these rules to the District Court's attention and, more fundamentally, how these rules were violated by the Court's decision. Accordingly, we will affirm the judgment of the District Court on this issue.

III

Williams next claims he was denied a fair trial when the jury learned that he was on state probation and when the District Court did not allow his counsel to conduct a full cross-examination of Rawls. We are unpersuaded by either argument.

Before trial, the Government filed a motion *in limine* to admit evidence about Williams' probation status under Rule 404(b) of the Federal Rules of Evidence. Williams objected on the grounds that this information was irrelevant and highly prejudicial. We find no error in the District Court's decision to admit this evidence.

The record demonstrates that Williams was aware that he was not allowed to travel more than 50 miles from Dauphin County without permission. In fact, Williams sought and received permission to travel to Alabama to attend a family funeral. Williams never asked permission for any of his many trips to Atlanta, however. And although Williams' failure to seek permission to travel to Atlanta is not dispositive that those trips were for an illicit purpose, it is probative of Williams' motive or intent in making those trips.

4

Nor did the District Court abuse its discretion when it limited defense counsel's cross-examination of Rawls. Defense counsel was permitted to ask Rawls whether he called his son the day he was arrested. Counsel for the Government objected only after defense counsel asked whether Rawls' son had been involved in drug trafficking. And this objection was properly granted because Rawls' son was neither the subject of any direct examination nor facing any charges in the case. It was therefore proper for the District Court to sustain the Government's objection.

\*    \*    \*

For the reasons stated, we will affirm the judgment of the District Court.